**WATERMAN STEAMSHIP CORPORATION, Plaintiff,**

v.

**350 BUNDLES OF HARDBOARD, V/O Exportles, and Allied International, Inc., Defendants.**

**Civ. A. No. 82–0626–S.**

United States District Court, D. Massachusetts.

April 13, 1984.

---

DeLane F. Anderson, Jr., Hoch, Flanagan & Snyder, Boston, Mass., for plaintiff.

Michael T. Cetrone, Nutter, McClennan & Fish, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

The plaintiff, Waterman Steamship Corporation, seeks to recover freight charges allegedly due on a shipment of hardboard originating in the Soviet Union and discharging in at least three United States ports. The Soviet exporter, V/O Exportles, initially paid freight charges on the shipment, but the plaintiff now alleges that the charges were improperly computed. The plaintiff has complained against V/O Exportles and the American purchaser of the hardboard, Allied International, Inc. for the deficiency. The plaintiff has moved for summary judgment against Allied. Allied has moved for summary judgment of dismissal.

■ Allied argues that it is not liable for the freight charge deficiency. The Carriage of Goods by Sea Act does not impose a duty upon a consignee to pay freight charges. *States Marine International, Inc. v. Seattle-First National Bank,* 524 F.2d 245, 247–248 (9th Cir.1975). Liability arises only on the shipping contract or under general principles of law.

To ascertain what contract was entered into, we look primarily to the bills of lading, bearing in mind that the instrument serves both as a receipt and as a contract.

*Louisville & Nashville R.R. v. Central Iron Co.,* 265 U.S. 59, 67, 44 S.Ct. 441, 443, 68 L.Ed. 900 (1924).

■ The bill of lading is unambiguous as to the consignee's liability to pay freight charges. The fine print on the reverse of the shipper's form includes the following language:

The shipper and consignee shall be jointly and severally liable to the carrier for the payment of all charges and for the performance of the obligations of each of them hereunder.

It is true that

The mere designation in the bill of lading of the consignee as the one liable for the freight charges does not create a contractual relationship between the carrier and the consignee, rendering the latter liable therefor, but rather the consignee becomes liable therefor when an obligation arises on his part from presumptive ownership, acceptance of goods and the services rendered, and the benefits conferred by the carrier for such charges.

*States Marine, supra* at 248 (quoting *Arizona Feeds v. Southern Pacific Transportation Co.,* 21 Ariz.App. 346, 519 P.2d 199, 206 (1974)). The defendant is liable on the contract because it accepted the goods. Under common law,

The weight of the authority seems to be that the consignee is *prima facie* liable for the payment of the freight charges when he accepts the goods from the carrier.

*Pittsburg, Cincinnati, Chicago and Saint Louis Railway Company v. Fink,* 250 U.S. 577, 581, 40 S.Ct. 27, 27, 63 L.Ed. 1151 (1919).

Even where there is no actual acceptance of the goods by the named consignee, presumptive ownership may arise from his exercise of dominion and control over the shipment. [Citing cases].

*States Marine, supra* at 248. At a minimum, these cases indicate that Allied agreed to be bound by the bill of lading when it accepted the goods.

■ Allied argues, however, that the markings "C & F" and "Freight prepaid" which appear on the front of the bill represent contractual terms which override the language on the reverse. The term "C & F" in a contract between a shipper and a purchaser indicates that the shipper assumes the responsibilities (1) to pay the freight, and (2) to deliver to the purchaser a receipt from the carrier indicating that the freight has been paid. U.C.C. § 2–320 and Official Comment (1). The bill of lading may include the receipt. U.C.C. § 2–320(2)(b). I find that as they appear on the bills of lading in this case, the terms acknowledge receipt of the original freight charge calculated by V/O Exportles. They do not control the plain language of the bills of lading insofar as they have become contracts between Waterman and Allied.

Finally, Allied argues that the plaintiff should be estopped from proceeding against it, because of the representations "C & F" and "Freight prepaid" on the bill of lading.

In the cases applying the doctrine of estoppel we find not only a bill of lading marked "prepaid", but also absence of any initial conduct on the part of the carrier that would indicate to the consignee that the carrier was looking to it for payment.

*Arizona Feed v. Southern Pacific Transportation,* 21 Ariz.App. 346, 519 P.2d 199, 207 (1974). *Cf. Southern Pacific Transportation Company v. Campbell Soup Company,* 455 F.2d 1219 (8th Cir.1972); *Consolidated Freightways Corporation of*

*Delaware v. Admiral Corporation*, 442 F.2d 56 (7th Cir.1971); *Missouri Pacific Railroad Company v. National Milling Company, Inc.*, 409 F.2d 882 (3d Cir.1969).

The principal concern in the railroad cases is to prevent the use of estoppel as a cover for freight rate discrimination prohibited by the Interstate Commerce Act. *See Campbell Soup, supra* at 1222. Although this case is a maritime case, not a railroad case, the policy considerations disfavoring estoppel apply equally. The Carriage of Goods by Sea Act, which the defendant concedes is applicable to this case, also prohibits rate discrimination. 46 U.S.C. §§ 812, 815.

■ Although the defendant had full notice of the plaintiff's claim when it took possession of the two shipments which the plaintiff had attached in Boston, it is unclear what the defendant knew several months earlier when it accepted the shipments which arrived in Jacksonville and New Orleans. The record does not show when Allied paid V/O Exportles for the shipments. Waterman brings this action on the bill of lading contract. Estoppel is an affirmative defense in a contract action. The defendant bears the burden of asserting facts which would support the defense.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall enter against him.

Fed.R.Civ.P. 56(e). The defendant has not produced affidavits or other materials beyond his pleadings which would establish this affirmative defense of estoppel. Accordingly, I find the defendant liable on the bill of lading.

Allied also raises a second allegation of estoppel as to the amount of the deficiency. Allied alleges that the volume of the shipment was properly calculated on a net basis, and that in its long course of prior dealings with the plaintiff, freight charges had always been computed on net volume. According to Allied, the deficiency arises because the plaintiff recalculated the charges on the contested shipments on a gross basis.

■ Plaintiff relies on the fourteenth article of its bills of lading, which provides in part as follows:

> FREIGHT AND OTHER CHARGES: Freight shall be payable on actual gross intake weight or measurement, or at the carrier's option, on actual gross discharged weight or measurement. Freight may be calculated on the basis of the shipper's particulars but the carrier may at any time open the packages and examine, weight, measure and value the goods and if such particulars are found to be erroneous and additional freight is payable, the shipper, consignee and the goods shall be liable also for any expense thereby incurred.

The existence of estoppel by course of conduct is a mixed question of law and fact, and to the extent it is an issue of fact, it is apparently genuinely disputed in this case.

■ Accordingly, no complete summary judgment is appropriate. Partial summary judgment establishing the liability of Allied for any deficiency is warranted on this record and the plaintiff's motion is ALLOWED to this extent. Both motions are otherwise DENIED. The case shall stand for trial on the issue of the existence and amount of any deficiency, and Allied shall have the burden of proving estoppel by course of conduct.